**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2018
Decided April 4, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-2461

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-20050-001 |
| JOHN GHERNA, *Defendant-Appellant*. | Colin S. Bruce, *Judge*. |

## O R D E R

After a police officer found that John Gherna's computer was being used to share and download child pornography, Gherna was arrested. Without the benefit of a plea agreement, he pleaded guilty to one count of receipt of child pornography, 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). Gherna was sentenced to 210 months' imprisonment on each count, to be served concurrently, and 15 years' supervised release. He received several sentencing adjustments, including one for obstruction of justice, U.S.S.G. § 3C1.1. Gherna seeks to appeal but his attorney has asked to withdraw because she believes an appeal would be frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Because Gherna has not responded to counsel's motion, *see* CIR. R. 51(b), and counsel's brief explains the nature of the case and thoroughly addresses issues that an appeal of this kind might be expected to involve, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel reports that she asked Gherna if he wanted to withdraw his guilty plea. Since Gherna said that he does not, counsel rightly refrains from exploring arguments about whether the plea was knowing and voluntary. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Next counsel explores whether Gherna could contest the imposition of a two-level adjustment for obstruction of justice under U.S.S.G. § 3C1.1, but she properly concludes that doing so would be frivolous. The sentencing judge applied the adjustment because Gherna called his family from prison and asked his sons to "step up" and say that they downloaded images on Gherna's computer. Although defense counsel argued that Gherna's communications amounted to no more than his constitutionally protected right to develop a defense, the judge concluded that Gherna was coaching his family to lie. The judge based that conclusion on the transcripts of the phone calls excerpted in the PSR. Gherna prompted his family about what to say, advised that they "commit it to memory," and recited facts that they should have known without any encouragement or reminder (such as whether they were living at the house and using Gherna's computer). *See, e.g., United States v. Ewing*, 129 F.3d 430, 434 (7th Cir. 1997) (discussing cases where obstruction adjustments were affirmed because defendants' communications were "thinly veiled means of rehearsing their cover story"). Therefore it would be frivolous to argue that the judge clearly erred.

Finally, counsel considers whether Gherna could challenge the reasonableness of his 210-month sentence. But the sentence imposed is within the guidelines range of 210–262 months (based on a total offense level of 32 and a criminal history category of VI), and therefore is presumptively reasonable, *United States v. Adams*, 879 F.3d 826, 829 (7th Cir. 2018). Counsel does not identify any reason to rebut that presumption here, and we perceive none.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.